**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| GEORGE VASQUEZ, | : | |
| | : | Civil No. 09-2593 (KSH) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| LARRY GLOVER, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

**APPEARANCES:**

George Vasquez, Pro Se
#410266-B/435084
Southwoods State Prison
215 South Burlington Rd.
Bridgeton, NJ 08302

Steven E. Braun
Office of the Passaic County Prosecutor
401 Grand Street
Paterson, NJ 07505-2095
Attorney for Respondents

**HAYDEN, District Judge**

This matter comes before the Court upon petitioner's motion requesting discovery (Doc. No. 9).  Respondents have not opposed the motion.  The Court has reviewed the petitioner's submission and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons that follow, the Court will deny the motion.

## DISCUSSION

Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on May 27, 2009.  The matter has been pending, with respondents filing an answer to the petition recently, on May 18, 2010.

In his motion requesting discovery, petitioner states that he was not provided the state court record of his trial during his post-conviction relief ("PCR") hearings.  Petitioner argues that his files were lost, and he lost his ability to effectively appeal his criminal case, and the denial of his PCR motion.  Petitioner also raises this claim within his habeas petition.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  Bracy v. Gramley, 520 U.S. 899, 904 (1997).  Rule 6(a) of the Rules Governing Section 2254 Cases in United States District Courts ("§ 2254 Rules") provides that, "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  Similarly, Rule 7(a) of the § 2254 Rules provides that, "If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition."  Rule 6(b) provides that, "A party requesting discovery must provide reasons for the request."

2

Under the "good cause" standard of the § 2254 Rules, a district court should grant leave to conduct discovery in habeas proceedings only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is ... entitled to relief.'"  Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

In this case, the answer and record provided by respondents show that it is unlikely that petitioner will be able to demonstrate that he is entitled to relief.  Further, petitioner's request for discovery concerns actions which occurred during the course of his state court PCR hearings and appeals.  In general, claims regarding petitioner's treatment during PCR proceedings are not cognizable in a federal habeas proceeding.  See Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998), cert. denied, 526 U.S. 1065 (1999).  Here, petitioner has not demonstrated good cause for the discovery request, as it is unclear that he will be entitled to relief on his habeas claims, and claims concerning discovery during his PCR proceedings are not appropriate in this federal habeas proceeding.  Furthermore, petitioner's motion is, in essence, a rehashing of his argument presented in his habeas petition, and will be addressed when the petition is decided on the merits.

## **CONCLUSION**

For the reasons set forth above, petitioner's motion for discovery is denied.  An appropriate order accompanies this opinion.

/s/ Katharine S. Hayden
KATHARINE S. HAYDEN
United States District Judge

Dated: 6/24/10

4